**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William E. Harmelin,<br><br>  Plaintiff,<br><br>v.<br><br>Silverleaf Club LLC,<br><br>  Defendant. | No. CV-19-05431-PHX-JJT<br><br>**ORDER** |

At issue is Plaintiff's Motion for Judgment on the Pleadings (Doc. 27, Mot.), to which Defendant filed a Response (Doc. 28, Resp.) and Plaintiff filed a Reply (Doc. 29). For the following reasons, the Court denies Plaintiff's Motion.

**I.  BACKGROUND**

Defendant, also referred to throughout as the "Club," is a high-end, invitation-only golf and country club in Scottsdale. (Doc. 1, Compl. ¶ 5; Doc. 14, Answer ¶ 5.) In March 2010, Plaintiff and his wife joined the Club and paid a $100,000 deposit for a golf membership. (Compl. ¶¶ 6–7.) Three documents govern Plaintiff's membership: Plaintiff's Membership Agreement (Compl. Ex. 1, "Agreement"); the Membership Plan (Compl. Ex. 2, "Plan"); and the Club's Rules and Regulations (Compl. Ex. 3, "Rules") (collectively, the "Governing Documents"). Only the Agreement is signed.[1]

---

[1] Plaintiff signed the membership Agreement as "Member" and his Wife signed it as "Member Spouse." Defendant contends in its Answer that Plaintiff's wife, who is not part of this suit, is an indispensable party. However, the Court declines to address that issue at present as it has not been formally raised.

In September 2019, Plaintiff's membership was terminated after he allegedly committed repeated acts of misconduct and harassment of the Club's staff and employees. The underlying reasons for the membership termination are not at issue (*see* Mot. at 6 n.1), but the nature of the termination is. The Governing Documents appear to make a distinction between a recall of a membership and an expulsion of a Club member. Whether Plaintiff's membership was recalled or whether he was expelled from the Club may have bearing on his entitlement to a refund of his $100,000 membership deposit. Plaintiff brought this single count breach of contract action seeking the return of his deposit and now moves for judgment on the pleadings.

### A.   Language of the Governing Documents

The Court will summarize the portions of the Governing Documents related to the membership deposit and its refundability. Pursuant to the Acknowledgment of Membership Rights section of the Agreement, the Club has the power to recall a member's membership at any time, and for any or no reason. (Agreement at 4.) "In the event of recall of a membership, the affected member(s) each will be entitled to a refund of the Membership Deposit actually paid by that member within 30 days after the recall." (Agreement at 4.)

The Plan mentions refundability of the deposit in several places. The Plan Overview states the deposit is refundable "as further provided for in this Membership Plan." The Membership Deposit section provides the deposit is "refundable only in accordance with this Membership Plan, the Rules and Regulations of the Club and the Membership Agreement." (Plan at 6.) The next sentence states that the "Club's obligation to refund any portion of the membership deposit to a member shall be as set forth in the Agreement executed" by Plaintiff. Later, the Acknowledgement of Membership Rights section contains language mirroring the Membership Agreement: the Club can recall a membership at any time for any or no reason, and in the event of recall, the Club will refund the membership deposit within 30 days. (Plan at 10.)

The Plan also has an Enforcement section which permits the Club to levy sanctions against a member for cause, including for a member's misconduct or delinquency in paying dues or fees. Sanctions may include reprimands, expulsion, fines, reimbursement of expenses that the Club has incurred, and suspension of membership privileges. A member is—for the most part—entitled to notice and hearing before a sanction is levied. The Enforcement Section provides that "[a]ny person whom the Club has expelled shall immediately and automatically forfeit all membership privileges, including the refund of any Membership Deposit and all rights to sue the Club." (Plan at 11.)

Lastly, the Rules contain a general rule that "violation of any Club Rules or conduct in a manner prejudicial to the best interest of the Club will subject the person in violation to disciplinary action by the Club in accordance with the Club Rules." (Rules at 6.) The Discipline Section provides:

1. Any member whose . . . conduct shall be deemed by the Club to be likely to endanger the welfare, safety, harmony or good reputation of the Club or its members or is otherwise improper, may be reprimanded, fined, suspended or expelled from the Club and have all privileges associated with the membership suspended or terminated by the Club.

. . .

2. Any member accused of improper conduct shall be notified of the Club's proposed disciplinary action and shall be given an opportunity to be heard by the Club to show cause why he or she should not be disciplined. If such member desires to be heard, the Club shall set a time and date (not less than ten days thereafter) for a hearing.

. . .

4. Any membership that has been terminated hereunder shall be placed on the waiting list for re-issuance and the member's membership deposit refund due to the member, less any outstanding balance owed the Club, shall be returned to the member upon re-issuance of the membership pursuant to the Membership Plan.

(Rules at 7.)

### B.  Parties' Arguments

Plaintiff's argument is as follows. The Agreement is controlling as to the refund of the deposit because it is the only document signed by the parties, and because the Plan contains the following language: "[t]he Club's obligation to refund any portion of the membership deposit to a member shall be as set forth in the Membership Agreement executed by the member." (Mot. at 5, quoting Plan at 6.) The Agreement, which Plaintiff argues controls, provides that a membership can be recalled for any reason or for no reason, and the member is entitled to a refund of the deposit within 30 days of a recall. Plaintiff submits his membership was recalled but that he did not receive his deposit within 30 days, and still has not. Accordingly, he is entitled to judgment on the pleadings.

Defendant contends the Plan's Refund of Membership Deposit section, which states the Club's "obligation to refund any portion of the membership deposit to a member shall be as set forth in the [] Agreement," must be read in conjunction and harmony with all of the Governing Documents—and in particular, with the Plan's Enforcement section. Defendant asserts the Governing Documents address two different situations: the Membership Deposit provision of the Plan articulates the general policy (which is to provide a refund in the event of recall) and the Enforcement provision controls the specific instance where a member is expelled for sanctionable conduct and therefore, by agreement, forfeits his deposit. (Resp. at 4.) Defendant argues Plaintiff was expelled pursuant to the Enforcement provision, and therefore forfeited his deposit.

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(c), "a party may move for judgment on the pleadings" after the pleadings are closed "but early enough not to delay trial." The legal standards governing Rules 12(c) and 12(b)(6) are "functionally identical," as both permit challenges directed at the legal sufficiency of the other party's allegations. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). A judgment on the pleadings is proper only when there are no issues of material fact, and the moving party is entitled to judgment as a matter of law. *Gen. Conference Corp. of Seventh–Day*

*Adventists v. Seventh–Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989). Stated another way, a motion for judgment on the pleadings will not be granted unless it appears "beyond doubt that the [non-moving party] can prove no set of facts in support of his claim which would entitle him to relief." *Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co.*, 132 F.3d 526, 529 (9th Cir. 1997).

In assessing a motion for judgment on the pleadings, all allegations of fact by the party opposing the motion are accepted as true and are construed in the light most favorable to that party. *Seventh–Day Adventists*, 887 F.2d at 230. "As a result, a plaintiff is not entitled to judgment on the pleadings when the answer raises issues of fact that, if proved, would defeat recovery." *Id.* A plaintiff's uncontested allegations, to which the defendant had an opportunity to respond, are also taken as true. *United States v. Brown*, No. CV-18-04213-PHX-DLR, 2019 WL 5549174, at *2 (D. Ariz. Oct. 28, 2019). Finally, a plaintiff's motion for judgment on the pleadings may be granted only if all defenses raised in the answer are legally insufficient. *Qwest Commc'ns Corp. v. City of Berkeley*, 208 F.R.D. 288, 291 (N.D. Cal. 2002).

### III. ANALYSIS

The issue central to resolution of Plaintiff's Motion is whether the Enforcement provision is potentially applicable to Plaintiff's situation. If it is, judgment on the pleadings is premature, because a fact question exists as to whether Plaintiff's membership was recalled or whether he was expelled from the Club. If there is no possibility that the Enforcement section applies, Plaintiff is entitled judgment on the pleadings.

#### A. Incorporation by Reference

Plaintiff makes much of the fact that he signed only the Agreement, not the Plan or the Rules. (*See* Mot. at 3, 5, 7; Reply at 4.) However, directly above his signature was a section titled Membership Plan Documents, containing the following statement:

> I hereby acknowledge receipt of the Silverleaf Membership Plan and Rules and Regulations (the "Club Documents") and that I have read and understand them, and agree to be bound by the terms and conditions thereto as the same

>may be amended from time to time by the Club. I have had the opportunity to review the Club Documents and to seek professional advice to assist me in evaluating the rights and responsibilities related to purchasing a membership. I have made my decision to purchase a membership without reliance upon any information or representations other than as set forth in the Club Documents.

(Agreement at 6–7.)

Under Arizona law, this is a clear and unambiguous incorporation by reference and a specific agreement to be bound by all three Governing Documents, not just the Agreement. *See Weatherguard Roofing Co. v. D.R. Ward Const. Co.*, 152 P.3d 1227, 1229–30 (Ariz. Ct. App. 2007). Thus, although not explicitly argued by Plaintiff, the Court rejects the following propositions: (1) that Plaintiff is not subject to the Plan or Rules because he did not sign either, or (2) that the Agreement is placed on a higher footing than the Plan or the Rules because that is the only document he signed. *See id.* at 1234. Accordingly, as a general matter, Plaintiff is bound by the terms and conditions of all three Governing Documents.

### B.     Interpretation of the Governing Documents

As noted, Plaintiff relies on a section of the Plan titled Refund of Membership Deposit, which states the "Club's obligation to refund . . . the membership deposit shall be as set forth in the [] Agreement executed by the member." (Plan at 6.) He contends that section makes clear that the Agreement, not the Plan or the Rules, controls as to issues pertaining to Plaintiff's deposit refund. The Agreement itself obligates the Club to refund the deposit within 30 days of recall.

Courts applying Arizona law are to construe a contract "in its entirety and in such a way that every part is given effect." *Cardon v. Cotton Lane Holdings, Inc.*, 841 P.2d 198, 202 (Ariz. 1992). Courts should also avoid interpretation of one provision of a contract in a way that renders another provision meaningless. *Norman v. Recreation Ctrs. of Sun City, Inc.*, 752 P.2d 514, 517 (Ariz. Ct. App. 1988). When there is an inconsistency between two provisions in a contract, the more specific provision qualifies the more general provision. *Id.*

- 6 -

Plaintiff requests the Court hold, at this early stage and on the limited record before it, that only the recall and 30-day refund provisions of the Agreement apply, no matter the circumstances surrounding Plaintiff's membership termination. The Court disagrees with this oversimplified interpretation because it renders meaningless two entire provisions of the Governing Documents by which Plaintiff agreed to be bound: the Plan's Enforcement provision and the Rules' Discipline section. And regarding another maxim of contract interpretation, both the Enforcement and Discipline provisions appear to envision a more specific situation than, or caveat to, the general recall rule. In other words, the portions that Plaintiff points to certainly suggest that *when* the Club is obligated to refund the deposit, it must do so within 30 days. But the Governing Documents as a whole call into question whether that obligation is always triggered. The Court must apply the rules of contract interpretation and attempt to give all provisions of the Governing Documents meaning. It now turns to those provisions mentioned.[2]

The Plan's Enforcement section contemplates a circumstance in which the Club may sanction a member for cause. Sanctionable conduct includes, *inter alia*, conduct determined by the Club to be "likely to endanger the welfare, safety, harmony or good reputation of the Club or its Members." The sanctions may include reprimands, fines, suspension, and expulsion. A member is generally entitled to notice and a hearing within 15 days before the Club can assess sanctions. However, the Club can impose immediate sanctions upon the General Manager's finding that the member's conduct, "if repeated or continued, would pose a threat to the welfare and safety of the Club or its Members." According to the Enforcement provision, a member who has been expelled "shall immediately and automatically forfeit all membership privileges, including the refund of any Membership Deposit."

---

[2] The Court also declines to adopt Plaintiff's interpretation at this time because, although the Plan states the Club's obligation to refund the deposit shall be as set forth in the Agreement, the Plan also states (1) the deposit is refundable "as further provided for in this Membership Plan," and (2) the deposit is "refundable only in accordance with this Membership Plan, the Rules and Regulations of the Club and the Membership Agreement." (Plan at 6.) Plaintiff did not address these potential inconsistencies in his Motion.

- 7 -

The Discipline section is very similar, but contains a material distinction. Any member whose conduct "shall be deemed by the Club to be likely to endanger the welfare, safety, harmony or good reputation of the Club or its members" may be reprimanded, fined, suspended, or expelled from the Club. A member accused of improper conduct shall receive notice and may request a hearing, which the Club must provide within ten days. However, the Club can immediately suspend all privileges prior to a hearing if the General Manager believes the member's conduct, if "repeated or continued, would pose a threat to the welfare or safety of the Club or its members." Finally, and critically, it states, "Any membership that has been terminated hereunder shall be placed on the waiting list for re-issuance and the member's membership deposit refund due to the member, less any outstanding balance owed the Club, shall be returned to the member upon re-issuance of the membership pursuant to the Membership Plan."

A contract is ambiguous if it can reasonably be construed to have more than one meaning, and one "construction cannot be determined within the four corners of the instrument." *Univ. Realty & Dev. Co. v. Omid-Gaf, Inc.*, 508 P.2d 747, 750 (Ariz. 1973); *In re Estate of Lamparella*, 109 P.3d 959, 963 (Ariz. Ct. App. 2005). Ambiguity may exist when two contractual provisions are in conflict with each other. *See* Williston on Contracts 4th (2020) § 30:4. Here, the Enforcement and Discipline sections are clearly intended to address the same circumstances: a member's misconduct and the Club's power to deal with that misconduct. They both vest the Club with discretion to determine what conduct is improper or injurious; mandate notice and a hearing before measures are taken against a member, but permit sanctions without a hearing upon a finding that repeated conduct would threaten the safety of members; and specify the same range of possible penalties. Yet, one section provides that the deposit is forfeited upon "expulsion," and the other states the deposit will be returned—albeit perhaps with some delay—upon "termination." This case, potentially, hinges on resolution of this ambiguity.

The ultimate goal in interpreting any contract, including when resolving an ambiguity, is to ascertain the parties' intent as reflected by the contract's language and in

view of all circumstances. *See In re Estate of Lamparella*, 109 P.3d at 963. At this early stage motion and on this scant record, the Court lacks sufficient evidence to discern the parties' intent.

For starters, the parties did not substantively acknowledge the ambiguity or brief its effect on the contract as whole. Naturally, because the ambiguity was not addressed, no evidence was presented to attempt to resolve the ambiguity, such as testimony from the drafter of the Governing Documents, the extent of the bargaining process between the parties, or whether the Plan and Rules materially changed between 2010 until 2019. Even if the Court were able to resolve the interpretation issues, factual questions remain, such as whether Plaintiff was expelled or his membership recalled (the termination email and letter from the General Manager to Plaintiff allude to both (*see* Compl. Ex. 4)), and whether Plaintiff was afforded any process in that determination. While Plaintiff contends all of this is irrelevant because the Agreement requires a refund within 30 days under all circumstances, the Court—at least for now—disagrees. Simply put, there are too many missing pieces and unsettled issues to grant Plaintiff judgment on the pleadings.

**IT IS THEREFORE ORDERED** denying Plaintiff's Motion for Judgment on the Pleadings (Doc. 27).

Dated this 30th day of June, 2020.

Honorable John J. Tuchi
United States District Judge